UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEIFTS, ET AL.,

                        Plaintiffs,

     – against –                                  **OPINION AND ORDER**

CONSUMER HEALTH SOLUTIONS LLC,               05 Civ. 9355 (ER)
ET AL.,

                        Defendants.

RAMOS, D.J.:

      Before the Court is the Report and Recommendation ("R&R") dated March 6, 2014 of Magistrate Judge Lisa Margaret Smith, to whom this matter was referred for an inquest as to damages following default judgments against the Defendants. This action involves numerous plaintiffs, numerous defendants, and assorted causes of action under federal and state law. Accordingly, in the R&R, Judge Smith recommends damages of varying amounts for and against the different parties. For the reasons stated herein, the Court ADOPTS the R&R and directs the entry of judgment as recommended.

**I. Background**

      Plaintiffs Jeffrey C. Seifts, Ellen Manfredo, Charles Hargreaves, Selma Denmark, Peter Audet, Carolyn Demichelle, Susan E. Hoyt, Maryann Pulvirenti, Joseph French, Linford Snyder, Diane Berman, John Bastone, and John Gerson, individually and on behalf of the participants of the Fleetcare CU 1000P Medical Program, John and Jane Does 1-300, Jeffrey C. Seifts & Co., Inc., and Consumer Advocates Group, Ltd. ("CAG") (collectively, "Plaintiffs"), commenced this action on November 3, 2005 against Consumer Health Solutions LLC d/b/a Palmetto

Administrators ("CHS"), Fleetcare Group, LLC, Fleet Care Corporation, Bart Posey, TIG Premier Insurance Company, William M. Worthy, II, Angela Posey, Obed Kirkpatrick, Jollene Priester, Jack Henson Hawkins, and New Source Benefits, LLC, individually and jointly and severally (collectively, "Defendants").[1]  Plaintiffs assert claims for breach of fiduciary duty and disclosure obligations under ERISA, claims for recovery of the value of wrongly denied benefits, and a series of claims under New York law.

Initially assigned to the Honorable Stephen C. Robinson, the case was transferred to the Honorable Richard J. Holwell on November 12, 2010, Doc. 62, to the Honorable J. Paul Oetken on October 20, 2011, Doc. 83, and to the undersigned on July 22, 2013.  Doc. 148.  The case was referred to the Honorable Lisa Margaret Smith, United States Magistrate Judge, on November 14, 2011.  Doc. 84.

On May 6, 2011, Judge Holwell entered a default judgment in favor of Plaintiffs Ellen Manfredo, Charles Hargreaves, Selma Denmark, Peter Audet, Carolyn DeMichelle, Susan E. Hoyt, Maryann Pulvirenti, Joseph French, Linford Snyder, Diane Berman, John Bastone, and John Gerson (the "Individual Plaintiffs") and against Defendants CHS, Fleetcare Group, LLC, Fleet Care Corporation, Bart Posey, William M. Worthy, II, Angela Posey, Obed Kirkpatrick, Jollene Priester, Jack Henson Hawkins, and New Source Benefits, LLC.  Doc. 80.  On March 15, 2012, Judge Oetken entered a default judgment in favor of Plaintiffs Jeffrey C. Seifts, Jeffrey C. Seifts & Co., Inc., and CAG (the "Seifts Plaintiffs") and against Defendants CHS, Fleetcare Group, LLC, Fleet Care Corporation, Bart Posey, William M. Worthy, II, Angela Posey, Obed Kirkpatrick, Jack Henson Hawkins, and New Source Benefits, LLC, jointly and severally.  Doc.

---

[1] TIG Premier Insurance Company was terminated as a defendant, Doc. 147, based on the Court's grant of its motion to dismiss and/or for summary judgment.  Doc. 81.  Jollene Priester was terminated as a defendant following the Parties' stipulation of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  Doc. 167.

102. Both Judge Holwell and Judge Oetken referred the issue of the amount of damages to which the Individual Plaintiffs and Seifts Plaintiffs may be entitled to Judge Smith for an inquest or hearing on damages. Doc. 80; Doc. 84; Doc. 102.

On March 6, 2013, Judge Smith issued her R&R, concluding that a judgment for damages should be entered as follows:

- $128,821.73 to CAG from Defendants FleetCare Group LLC, Fleet Care Corporation, CHS, Worthy, Bart Posey, Angela Posey, and Kirkpatrick;
- $3,348.75 to Manfredo from Defendant FleetCare Group LLC;
- $3,794.28 to Audet from Defendant FleetCare Group LLC;
- $1,180 to Hoyt from Defendant FleetCare Group LLC;
- $5,886.09 to Pulvirenti from Defendant FleetCare Group LLC;
- $6,975 to French from Defendant FleetCare Group LLC; and
- $10,583.34 to Bastone from Defendant FleetCare Group LLC.

R&R 40-41. Judge Smith declined to recommend an award of attorneys' fees to the Seifts Plaintiffs but invited them to argue their claim to such fees in any objections to the R&R. The Seifts Plaintiffs filed no objections. *Id.* at 41. Conversely, Judge Smith concluded that the Individual Plaintiffs would be entitled to an attorneys' fees awarded as provided for in § 349 of the New York General Business Law and noted that this Court might refer the case back to her for a determination of any application by those Plaintiffs for attorneys' fees. *Id.* No such application has been filed as of yet. *Id.*

The R&R noted that objections, if any, would be due by March 24, 2014 and that failure to timely object would preclude later appellate review of any order of judgment entered. *Id*. at 42. Neither the Seifts Plaintiffs, nor the Individual Plaintiffs, nor the Defendants filed objections. They have therefore waived their right to object to the R&R. *See Dow Jones & Co. v. Real-Time Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF) (GWG), 2014 WL 5002092, at *1

(S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir.2008)).

## II. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir.1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## III. Conclusion

No party has objected to the R&R. The Court has reviewed Judge Smith's thorough R&R and finds no error, clear or otherwise. Judge Smith reached her determination on damages after a careful review of the parties' submissions. R&R 2-3. The Court therefore ADOPTS Judge Smith's recommended judgment regarding damages for the reasons stated in the R&R and

REFERS back to Judge Smith future applications, if any are filed, for attorneys' fees with regard to the Individual Plaintiffs.

The parties' failure to file written objections precludes appellate review of this decision. *PSG Poker, LLC v. DeRosa-Grund*, No. 06 CIV. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997)).

It is SO ORDERED.

Dated: November 21, 2014
       New York, New York

_____
Edgardo Ramos, U.S.D.J.