UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/15

---

SEIFTS, ET AL.,

                Plaintiffs,

– against –

CONSUMER HEALTH SOLUTIONS LLC, ET AL.,

                Defendants.

**OPINION AND ORDER**
05 Civ. 9355 (ER) (LMS)

RAMOS, D.J.:

Before the Court is the Report and Recommendation ("R&R") dated August 5, 2013 of Magistrate Judge Lisa Margaret Smith, addressing two motions for reconsideration of an entry of default judgment. Doc. 151. Magistrate Judge Smith concludes and recommends that this Court conclude that both motions be denied. *Id.* at 2-3. For the reasons stated herein, the Court ADOPTS the R&R and directs the entry of judgment as recommended.

**I. Background**

Plaintiffs Jeffrey C. Seifts, Ellen Manfredo, Charles Hargreaves, Selma Denmark, Peter Audet, Carolyn Demichelle, Susan E. Hoyt, Maryann Pulvirenti, Joseph French, Linford Snyder, Diane Berman, John Bastone, and John Gerson, individually and on behalf of the participants of the Fleetcare CU 1000P Medical Program, John and Jane Does 1-300, Jeffrey C. Seifts & Co., Inc., and Consumer Advocates Group, Ltd. ("CAG") (collectively, "Plaintiffs"), commenced this action on November 3, 2005 against Consumer Health Solutions LLC d/b/a Palmetto Administrators ("CHS"), Fleetcare Group, LLC, Fleet Care Corporation, Bart Posey, TIG Premier Insurance Company, William M. Worthy, II, Angela Posey, Obed Kirkpatrick, Jollene

Priester, Jack Henson Hawkins, and New Source Benefits, LLC, individually and jointly and severally (collectively, "Defendants").[1] Plaintiffs assert claims for breach of fiduciary duty and disclosure obligations under ERISA, claims for recovery of the value of wrongly denied benefits, and a series of claims under New York law.

Initially assigned to the Honorable Stephen C. Robinson, the case was transferred to the Honorable Richard J. Holwell on November 12, 2010, Doc. 62, to the Honorable J. Paul Oetken on October 20, 2011, Doc. 83, and to the undersigned on July 22, 2013. Doc. 148. The case was referred to the Honorable Lisa Margaret Smith, United States Magistrate Judge, on November 14, 2011. Doc. 84. On May 6, 2011, Judge Holwell entered a default judgment in favor of Plaintiffs Ellen Manfredo, Charles Hargreaves, Selma Denmark, Peter Audet, Carolyn DeMichelle, Susan E. Hoyt, Maryann Pulvirenti, Joseph French, Linford Snyder, Diane Berman, John Bastone, and John Gerson (the "Individual Plaintiffs") and against Defendants CHS, Fleetcare Group, LLC, Fleet Care Corporation, Bart Posey, William M. Worthy, II, Angela Posey, Obed Kirkpatrick, Jollene Priester, Jack Henson Hawkins, and New Source Benefits, LLC. Doc. 80. On March 15, 2012, Judge Oetken entered a default judgment in favor of Plaintiffs Jeffrey C. Seifts, Jeffrey C. Seifts & Co., Inc., and CAG (the "Seifts Plaintiffs") and against Defendants CHS, Fleetcare Group, LLC, Fleet Care Corporation, Bart Posey, William M. Worthy, II, Angela Posey, Obed Kirkpatrick, Jack Henson Hawkins, and New Source Benefits, LLC, jointly and severally. Doc. 102.

Defendants Jollene Priester ("Priester") and Jack Hawkins ("Hawkins") filed separate motions to vacate the default judgment on April 6, 2012 and May 18, 2012. Docs. 118, 135. On

---

[1] TIG Premier Insurance Company was terminated as a defendant, Doc. 147, based on the Court's grant of its motion to dismiss and/or for summary judgment. Doc. 81. Jollene Priester was terminated as a defendant following the Parties' stipulation of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Doc. 167.

April 4, 2012 and April 24, 2012, Defendant Obed Kirkpatrick ("Kirkpatrick") submitted two letters that he styled as a "motion to set aside default judgments." Docs. 127, 132. On July 31, 2012, Judge Oetken, to whom the case was then assigned, denied the motions filed by Priester and Hawkins but did not address the letter motion submitted by Kirkpatrick. Doc. 142. On August 25, 2012, Hawkins sent a letter to the Court seemingly renewing his motion to vacate the default judgment, construed by Magistrate Judge Smith as a motion for reconsideration of Judge Oetken's July 31, 2012 Order. Doc. 146. Magistrate Judge Smith, in her August 5, 2013 R&R, concludes and recommends that this Court conclude that both Kirkpatrick's motion and Hawkins' motion for reconsideration be denied. Doc. 151 at 2-3.[2]

The R&R noted that objections, if any, would be due within seventeen days and that failure to timely object would preclude later appellate review of any order of judgment entered. *Id*. at 10. Neither Kirkpatrick nor Hawkins filed objections. Both have therefore waived their right to object to the R&R. *See Dow Jones & Co. v. Real-Time Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF) (GWG), 2014 WL 5002092, at *1 (S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir.2008)).

## II. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id*.; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and

---

[2] In a separate R&R, dated March 6, 2014, Magistrate Judge Smith made a recommendation regarding damages in this case, which this Court adopted in its entirety on November 21, 2014. Docs. 166, 168.

recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

### III. Conclusion

No party has objected to the R&R. The Court has reviewed Judge Smith's thorough R&R and finds no error, clear or otherwise. Judge Smith reached her determination after a careful review of the parties' submissions. R&R 2-10. The Court therefore ADOPTS Judge Smith's recommended judgment for the reasons stated in the R&R. Furthermore, the parties' failure to file written objections precludes appellate review of this decision. *PSG Poker, LLC v. DeRosa-Grund*, No. 06 CIV. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir. 1997)).

The Clerk of Court is respectfully directed to enter judgment and close this case.

It is SO ORDERED.

Dated: March 10, 2015
      New York, New York

                                                Edgardo Ramos, U.S.D.J.